PILOT LIFE INSURANCE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10297.   Promulgated December 29, 1927.

*John E. Walker, Esq.*, and *J. Gilmer Korner, Jr., Esq.*, for the petitioner.

*M. N. Fisher, Esq.*, for the respondent.

OPINION.

TRAMMELL: No question is presented in this proceeding as to whether the reserve fund for deferred dividend policies was a reserve fund required by law, it being conceded in the respondent's answer that it was such a reserve fund.

The petitioner contends that the amount of $98,815.56 was released from the reserve fund required by law in 1918, and under the decision of the Supreme Court in the case of *Maryland Casualty Co.* v. *United States*, 251 U. S. 253, the amount became taxable income in that year. It is then argued that since the amount was released from the reserve fund during 1918, when the amount was replaced in the reserve fund this constituted an addition to the reserve fund required by law.

We do not agree with the petitioner that the amount was released and became free assets in accordance with the decision in the case of *Maryland Casualty Co.* v. *United States, supra.* In that case the court held that if the decrease in the reserves was due to an over-estimate of reserves for the preceding year, with a resulting excessive deduction from income for such year, and the excess was released to the general uses of the company and increased its free assets in the succeeding year, then it might be treated as income to the extent of the amount released. The court used the following language:

But such deductions can be restored to income again only where it is clearly shown that subsequent business conditions have released the amount of them to the free beneficial use of the company in a real, and not a mere bookkeeping sense.

There is here no evidence that the reserve computed for 1918 was excessive. On the other hand, there is evidence that the amount of the particular reserve in question was correct. The Insurance Commissioner did not authorize the reduction upon the ground that it was unnecessarily large or excessive in amount or that it was not needed or required by law or the regulations of the Insurance Commissioner then in effect. It is shown that the only purpose

of reducing this reserve was for the purposes of the report to the Insurance Commissioner and it was only in that respect, by the verbal permission of the Insurance Commissioner, that it was reduced. We are convinced that the reserve was not released to become free assets in any substantial sense of the word. The transaction merely amounted at most to a transfer from one reserve fund to another for temporary purposes or the temporary use for other purposes than those for which it was set aside, with the understanding and legal obligation that it was to be replaced, and the so-called release was not even a book entry. The only place the release appears of record was in the report to the Insurance Commissioner. Upon the books of the company it would appear that it was not necessary to set aside in 1919 the amount which was taken from the reserve merely for the purposes of the report to the Commissioner in 1918, because upon the books of the company the amount of $98,815.56 remained in the reserve fund and no addition thereto of that amount, it seems, could have been made upon the books or was in fact so made. The deduction on account of the addition to the reserve fund in the amount of $98,815.56 in 1919 was predicated upon the claim that the reserve to that extent had been released in 1918. We do not think it was released in 1918 as contemplated by law. The reserve was not used for the purpose for which it was created or set aside but was still required for that purpose. The fact that the Insurance Commissioner verbally permitted a report to be filed which did not correctly reflect the books or the actual facts respecting the reserve theretofore required does not alter the tax liability.

On the other hand, if it was an actual release of the reserve fund when the report to the Insurance Commissioner for 1918 showed the release of such fund, this report was not completed or made until February, 1919. Since it was released at no other place, it would seem to follow that it was not released until 1919, if at all. Conceding, however, for the purpose of argument, that it was released in accordance with law, then it is only the net additions to the reserve fund, that is, the additions in excess of the reductions, which are permitted to be taken as deductions in determining net income. Both of these transactions having occurred in 1919, the only net addition would be the $22,399.19 which was allowed by the respondent.

In view of the foregoing, it is our opinion that the petitioner is not entitled to the deduction claimed as a net addition to the reserve fund required by law.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*